## 18410.   BRYANT v. THE STATE.

BROYLES, C. J.   1. Under the facts of the case as disclosed by the record, the instructions of the court upon the law of voluntary manslaughter and conspiracy were authorized, and were not erroneous for any reason assigned.

2. The theory that the accused shot and killed the deceased in defense of his (the accused's) son was raised solely by the statement of the accused to the jury, and, in the absence of a timely and appropriate written request, the failure of the court to instruct the jury that if they found that the deceased was killed by the defendant in defense of his son the killing would be justifiable was not error.

3. The other grounds of the amendment to the motion for a new trial show no cause for a reversal of the judgment below.

4. The verdict was amply authorized by the evidence.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
>
> DECIDED NOVEMBER 16, 1927.

Manslaughter; from Appling superior court—Judge Strange presiding.   June 23, 1927.

Application for certiorari was made to the Supreme Court.

*J. B. Moore, J. P. Highsmith,* for plaintiff in error.

*W. B. Gibbs, solicitor-general,* contra.

Homicide, 30 C. J. p. 316, n. 68; p. 368, n. 12, 19; p. 406, n. 17; p. 408, n. 30.

---

## 18419.   EASON v. THE STATE.

BLOODWORTH, J.   There is nothing in the motion for a new trial that requires a retrial of the case.   Granting that there were irregularities in the proceedings, they were not of such a character as to demand a reversal of the judgment, especially as the evidence demanded the verdict.

> *Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*
>
> DECIDED NOVEMBER 16, 1927.

Assault and battery; from city court of Blackshear—Judge Bowen.   July 16, 1927.

*A. J. Tuten, Homer L. Causey,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.

Assault and Battery, 5 C. J. p. 788, n. 2.
Criminal Law, 16 C. J. p. 1122, n. 65, 70.